**Electronically Filed
Intermediate Court of Appeals
29558
18-NOV-2011
08:10 AM**

NO. 29558

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LANCE K. BAILEY, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0769(2))


MEMORANDUM OPINION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Lance K. Bailey (Bailey) appeals from the Amended Judgment Conviction and Sentence entered on December 3, 2008 in the Circuit Court of the Second Circuit (circuit court).[1] On December 18, 2007, Plaintiff-Appellee State of Hawai'i (State) charged Bailey with one count of Promoting a Dangerous Drug in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 712-1243(1)[2] (Count 1), one count of Unlawful

_____

[1] The Honorable Shackley F. Raffetto presided.

[2] HRS § 712-1243 (Supp. 2006) provides:

§712-1243 **Promoting a dangerous drug in the third degree.** (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

Use of Drug Paraphernalia in violation of HRS § 329.43.5(a)[3] (Count 2), and one count of Driving Without a License in violation of HRS §§ 286-102[4] and 286-136(a)[5] (Count 3).

After a jury trial, Bailey was found guilty on each count. He was sentenced to five-year terms of imprisonment on both Counts 1 and 2 and a thirty-day term of imprisonment on Count 3, with all terms to run consecutively, for a total term of

---

[3] HRS § 329-43.5(a) (1993 Repl.) provides, in pertinent part:

[§329-43.5] Prohibited acts related to drug paraphernalia. (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

[4] HRS § 286-102 (Supp. 2006) provides in pertinent part as follows:

§286-102 Licensing. (a) No person, except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236, shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.
(b) A person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:
. . .
(3) Passenger cars of any gross vehicle weight rating, buses designed to transport fifteen or fewer occupants, and trucks and vans having a gross vehicle weight rating . . .

[5] HRS § 286-136(a) (2006 Supp.) states:

§286-136 Penalty. (a) Except as provided in subsection (b), any person who violates section 286-102, 286-122, 286-130, 286-131, 286-132, 286-133, or 286-134 shall be fined not more than $1,000 or imprisoned not more than thirty days, or both. Any person who violates any other section in this part shall be fined not more than $1,000.

ten years and thirty days, including a mandatory minimum term of five years on Count 1.

On appeal, Bailey asserts that: (1) the circuit court erred by concluding that the State did not violate the witness exclusion rule and by denying Bailey's motion to strike Officer Kenneth Doyle's (Doyle) testimony; (2) the circuit court plainly erred in admitting hearsay evidence in Exhibit 36; and (3) trial counsel provided him ineffective assistance in failing to object to the admission of Exhibit 36 and to the admission of testimony and exhibits depicting pornography found in Bailey's vehicle.

As set forth below, we affirm.

## I.    **Witness Exclusion**

During pretrial proceedings, both parties requested that the circuit court invoke the witness exclusion rule pursuant to Rule 615 of the Hawaii Rules of Evidence (HRE),[6] which was granted by the circuit court. Bailey contends that the State violated the witness exclusion rule and that Officer Doyle's testimony should have been stricken. In its answering brief, the State does not argue that it complied with the witness exclusion rule, but instead asserts that the alleged violation was harmless. We conclude that, even assuming *arguendo* that the witness exclusion rule was circumvented, the circuit court did not abuse its discretion in denying Bailey's request to strike Officer Doyle's testimony and there was no prejudice to Bailey. See State v. Steger, 114 Hawai'i 162, 158 P.3d 280 (App. 2006); State v. Elmaleh, 7 Haw. App. 488, 782 P.2d 886 (1989).

On the trial day in question, prior to the lunch break, Officer Doyle's testimony on direct examination concluded and his cross-examination commenced. During his direct examination,

---

[6]   HRE Rule 615 states, in relevant part:

> **Exclusion of witnesses** At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. . . .

Officer Doyle testified that in his search of Bailey's vehicle he remembered seeing "cleaning stuff," but he did not recall seeing any carpet shampoo.

Subsequently, during the lunch break that day, Officer Doyle was present at a meeting where the deputy prosecuting attorney (DPA) interviewed Dana Souza (Souza), the public defender's investigator and a potential witness. Also present at the interview was the prosecutor's investigator, Joanne Allencastre (Allencastre). Defense counsel was not present at the interview.

After the lunch recess ended, defense counsel brought the interview to the circuit court's attention and argued that the witness exclusion rule was violated by Officer Doyle's presence at Souza's interview. The defense asserted that Officer Doyle sat in on the interview even though he still had not completed his testimony and therefore his testimony should be stricken. The DPA responded that Officer Doyle was present at the interview because: "[T]his is an ongoing investigation which is led by Officer Ken Doyle. He was present for a witness interview, a potential witness involved in his investigation, and for that purpose, Officer Doyle was included." Defense counsel argued that "the issue is that the testimony that is to be elicited from Mr. Souza will go directly adversely to what we've already heard Office Doyle testify to, relative to an object being in the vehicle." Defense counsel clarified that his concern was that there was a discussion during the interview about a bottle of carpet cleaning shampoo in Bailey's vehicle, and counsel argued there was harm because "now [Officer Doyle] can comport his testimony" in violation of the witness exclusion

rule. The circuit court concluded there was no violation and denied Bailey's motion to strike Officer Doyle's testimony.[7]

Following this discussion, the defense continued its cross-examination of Officer Doyle. Officer Doyle maintained that he did not recall seeing a carpet shampoo bottle in Bailey's vehicle and agreed that it was possible that carpet shampoo was in the vehicle but he failed to notice it.

The purpose of HRE Rule 615 is "to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." Elmaleh, 7 Haw. App. at 492, 782 P.2d at 889 (quoting Miller v. Universal City Studios, Inc., 650 F.2d 1365, 1373 (5th Cir. 1981)); see also Commentary to HRE Rule 615. The rule speaks to excluding prospective witnesses from the courtroom, but courts, including this court, "have not countenanced the circumvention of the rule." Elmaleh, 7 Haw. App. at 492, 782 P.2d at 889 (citation omitted).

In this case, Officer Doyle had not completed giving his testimony when he sat in on the interview of Souza, a potential defense witness who had not yet testified. The State does not assert to this court compliance with the witness exclusion rule and we will thus presume for purposes of this appeal, without deciding, that a violation occurred. Assuming such a violation in this case, it was harmless.

HRE Rule 615 is silent regarding the appropriate penalty in the event of noncompliance with the rule. See Commentary to HRE Rule 615. However, the sanctions which a court chooses to attach in such circumstances "is a matter within the discretion of the court." Elmaleh, 7 Haw. App. at 493, 782 P.2d at 889 (quoting Harkins v. Ikeda, 57 Haw. 378, 384, 557 P.2d 788,

---

[7] The court reasoned that "there's no surprise . . . because that issue's already come up. It was disclosed that Mr. Souza was going to testify to something." The court rejected defense counsel's notion of a "direct line of appearance of impropriety," stating that "[a]ll of that can be gone into in Cross-Examination. So I don't see any real prejudice."

792 (1976)). "The general rule is that noncompliance with a sequestration order under HRE Rule 615 does not require a new trial 'unless the court's decision to allow the allegedly tainted testimony was an abuse of discretion or resulted in prejudice to the defendant.'" Id. at 493, 782 P.2d at 890 (citing United States v. Prichard, 781 F.2d 179, 183 (10th Cir. 1986)). The defendant bears the burden of proving prejudice or an abuse of discretion. Id. at 493-94, 782 P.2d at 890 (citation omitted).

Bailey urges this court to grant a new trial because he was prejudiced inasmuch as "Officer Doyle knew that Mr. Souza would testify that the bottle of carpet shampoo he saw on April 17, 2007 was missing as of June 10, 2007. . . . [and was] able to refute Mr. Souza's testimony before Mr. Souza could testify[.]"

We conclude that Bailey fails to demonstrate prejudice or that the circuit court abused its discretion in denying his request to strike Officer Doyle's testimony. As a fundamental matter, Bailey fails to argue or demonstrate how the presence or absence of the carpet shampoo bottle in his vehicle is of any consequence to the charges in this case. Bailey makes no connection between the carpet shampoo bottle and the evidence showing that he possessed dangerous drugs, that he possessed drug paraphernalia, and that he was driving without being duly licensed.

Even assuming the carpet shampoo bottle had any relevance, Officer Doyle did not manipulate or bolster his testimony in anticipation of Souza's testimony. Before the interview of Souza, Officer Doyle had already testified on direct examination that he did not recall seeing a carpet shampoo bottle. His testimony about the carpet shampoo, even after being present at Souza's interview, remained materially the same. See Elmaleh, 7 Haw. App. at 493-94, 782 P.2d at 890 (witness exclusion rule was violated when complaining witness who still

had to testify was present at a meeting between prosecuting attorney and arresting officer, who had not yet completed giving his testimony; however, violation was harmless because *inter alia* the complaining witness did not shape her testimony to conform to the officer's testimony).

Further, Bailey was not prejudiced because the circuit court gave the defense the opportunity to cross-examine Officer Doyle about the meeting and raise any credibility issues associated with his presence at the meeting. See Steger, 114 Hawai'i at 175, 158 P.3d at 293 (holding that, even assuming sequestration order was violated when investigating officer viewed an exhibit previously marked by two other witnesses, it was harmless because *inter alia* circuit court took sufficient remedial action by permitting defendant to cross-examine the investigating officer about his having viewed the exhibit). The defense chose not to cross-examine Officer Doyle about Souza's interview, which further underscores its non-prejudicial nature given the circumstances of this case.

We thus conclude that, even assuming there was a violation of the witness exclusion rule in this case, it was harmless and the circuit court did not abuse its discretion or prejudice Bailey in denying his motion to strike Officer Doyle's testimony.

## II.  **Exhibit 36**

Bailey next argues that the circuit court committed plain error in admitting Exhibit 36 because it is inadmissible hearsay evidence.  The exhibit is a five page document from the County of Maui Department of Finance, Motor Vehicle & Licensing Division (County Department of Finance).  The State offered Exhibit 36, without objection from the defense, as evidence that Bailey did not have a valid driver's license on November 17, 2007, the date of the offense.  No witness appeared from the County Department of Finance.  The State offered the exhibit as a

self-authenticating document, a public record under seal, and a business record.  Pursuant to HRE Rules 803(b)(8) and 902(4), Exhibit 36 was a properly admitted self-authenticated public record.

The first page of Exhibit 36 is a memorandum signed by Debbie A. Silva (Silva), custodian of public records for the County Department of Finance, attesting *inter alia* that "[o]n November 17, 2007, Defendant did not have a valid Hawaii drivers license and/or permit."  Pages two through five of the exhibit consist of various computer print-outs indicating, *inter alia*, that Bailey's driver's license was expired as of October 7, 2004.

Pursuant to HRE Rule 803(b)(8), Exhibit 36 falls under an exception to the hearsay rule as a public record or report. HRE Rule 803(b)(8) provides:

> **Rule 803 Hearsay exceptions; availability of declarant immaterial.**  The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> (b) Other exceptions.
>
> . . .
>
> (8) Public records and reports.  Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Exhibit 36 consists of a data compilation and report by a public agency regarding the activities of the agency, i.e. data related to drivers licensing.  It provides the supporting records and reports on the data kept under the agency's authority.  See City and Cnty. of Honolulu v. Sherman, 110 Hawai'i 39, 75, 129 P.3d 542, 578 (2006); U.S. v. Puente, 826 F.2d 1415, 1418 (5th Cir. 1987) (construing materially identical Rule 803(8) of the Federal Rules of Evidence and holding it was proper to admit information recorded by a public official as part of routine procedure

although later retrieved in connection with litigation);
HRS § 286-101 (2007 Repl.) (Designation of examiner of drivers)
and § 286-118 (2007 Repl.) (Records to be kept by the examiner of
drivers).

Pursuant to HRE Rule 902(4), Exhibit 36 is also
properly self-authenticated. This rule states:

> Extrinsic evidence of authenticity as a condition
> precedent to admissibility is not required with respect to
> the following:
> . . .
> (4) Certified copies of public records. A copy of an
> official record or report or entry therein, or of a document
> authorized by law to be recorded or filed and actually
> recorded or filed in a public office, including data
> compilations in any form, <u>certified as correct by the
> custodian or other person authorized to make the
> certification</u>, by certificate complying with paragraph (1),
> (2), or (3) or complying with any statute or rule prescribed
> by the supreme court.

(Emphasis added). Page one of the exhibit contains the following
certification executed by Silva:

> I, Debbie A. Silva, Custodian of Public Records of the
> Department of Finance, Motor Vehicles & Licensing Division,
> do hereby certify that this is a full, true and correct copy
> of all official records or reports or entries therein, or of
> documents authorized by law to be recorded or filed and
> actually recorded or filed, including data compilations in
> any form, with the Motor Vehicles & Licensing Division of
> the Department of Finance.

Pages two through four of Exhibit 36 have a materially similar
certification. These certifications, by the custodian of record,
comply with HRE Rule 902(4).

Exhibit 36 falls under an exception to the hearsay rule
and was properly self-authenticated. There was no plain error by
the circuit court in admitting this exhibit.[8]

---

[8] On November 9, 2011, Bailey submitted a letter pursuant to Rule 28(j) of the Hawaiʻi Rules of Appellate Procedure (HRAP) directing the court's attention to <u>Bullcoming v. New Mexico</u>, __ U.S. __, 131 S.Ct. 2705 (2011). Bailey never raised any issue related to the confrontation clause in the circuit court and did not raise it as a point of error on appeal. This issue has therefore been waived. <u>See</u> <u>State v. Hoglund</u>, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990); <u>State v. Fitzwater</u>, 122 Hawaiʻi 354, 371 n.10, 227 P.3d 520, 537 n.10 (2010); HRAP Rule 28(b)(4).

III. <u>Assistance of Trial Counsel</u>

Bailey argues that he received ineffective assistance of counsel because his trial counsel failed to object to the admission of Exhibit 36 and to evidence of pornography found in his vehicle.

Bailey has the burden of establishing ineffective assistance of counsel. See <u>Briones v. State</u>, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993); <u>State v. Antone</u>, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980). The requirement to establish ineffective assistance of counsel is two-fold: "[f]irst, the appellant must establish specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment or diligence. Second, the appellant must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." <u>Antone</u>, 62 Haw. at 348-49, 615 P.2d at 104 (internal citations omitted).

As discussed above, Exhibit 36 was properly admitted by the circuit court as a self-authenticating public record. Trial counsel was not required to make a "futile objection," see <u>id.</u> at 351, 615 P.2d at 106, and thus lack of an objection to the exhibit as inadmissible hearsay does not constitute ineffective assistance of counsel.

Regarding the evidence of pornography, Bailey argues that trial counsel provided ineffective assistance because counsel failed to object when Officers Moore and Doyle testified about pornography found in Bailey's vehicle and that pornography is commonly encountered or found in a drug investigation. Bailey also faults trial counsel for failing to object to the admission of Exhibits 14 and 24, photos he contends depict pornography. Bailey argues that the evidence of pornography served no relevant purpose, and even assuming that it was relevant, its probative value was substantially outweighed by the dangers of unfair prejudice.

10

The State responds that Bailey fails to show prejudice by the introduction of the pornography evidence because it was not illegal under HRS § 712-1214 (1993 Repl.) for him to have pornography in his car.  The State also argues that the evidence was relevant under HRE Rule 401 because the officers were asked to explain what was depicted in the photographs they took of Bailey's vehicle, and further, it was a tactical choice for Bailey's trial counsel not to make a futile objection which could have only emphasized the pornography even more to the jury.

Bailey does not meet his burden of establishing that his trial counsel was ineffective.  We first note that trial counsel did object once, on foundation grounds, when Officer Doyle was asked if it was unusual to find pornography in a narcotics investigation.  The objection was overruled.

Whether it was error for trial counsel not to further object is debatable.  As the State argues, it may have been a tactical decision by trial counsel in order not to emphasize the pornography even further.  "Defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court." Antone, 62 Haw. at 352, 615 P.2d at 106 (citation omitted). Because the record is void regarding the basis for trial counsel's actions or non-actions, trial counsel should be given an opportunity to explain.  Briones, 74 Haw. at 463, 848 P.2d at 977.

Bailey also fails to show that trial counsel's alleged error substantially impaired a potentially meritorious defense. Trial testimony was undisputed that Bailey was the owner, driver, and only occupant of the vehicle the night of his arrest.  A search warrant executed by police uncovered evidence of crystal methamphetamine in violation of HRS § 712-1243(1), as well as illegal drug paraphernalia in violation of HRS § 329-43.5(a). The evidence at trial further established that Bailey was driving with an expired license, in violation of HRS § 286-102.  Bailey's

only witness, Souza, testified *inter alia* that carpet cleaner was present in Bailey's vehicle on April 17, 2008 and subsequently removed on June 10, 2008. Bailey fails to show that the pornography evidence impaired any meritorious defense.

Bailey's appellate counsel was substituted for trial counsel after the appeal was filed in this case. Because appellate counsel did not have an opportunity to develop a record regarding the ineffective assistance of trial counsel claim, we reject this claim without prejudice to a subsequent proceeding under Rule 40 of the Hawai'i Rules of Penal Procedure.

## IV. Conclusion

Based on the foregoing, the Amended Judgment Conviction and Sentence entered on December 3, 2008 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 18, 2011.

On the briefs:

Benjamin E. Lowenthal
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge